UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRYAN PIVNICK,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

---

25-CV-2810 (PKC)

19-CR-0464 (PKC)

ORDER TO AMEND

P. KEVIN CASTEL, United States District Judge:

      Movant, who is currently incarcerated at FCI Fort Dix in New Jersey, brings this *pro se* application challenging the judgment of conviction in *United States v. Pivnick*, No. 19-CR-0464 (PKC) (S.D.N.Y. June 16, 2021), *aff'd*, No. 21-1675, 2023 WL 3563030 (2d Cir. May 19, 2023). For the following reasons, the Court construes the application as a Motion under 28 U.S.C. § 2255 and grants Movant leave, within 60 days of the date of this order, to either withdraw the application or to file an amended Section 2255 Motion.

## STANDARD OF REVIEW

      A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### A.  Characterization as a Section 2255 motion

In his letter-motion dated March 4, 2025, Movant attacks his judgment of conviction in *United States v. Pivnick*, No. 19-CR-0464 (PKC) (S.D.N.Y. June 16, 2021), and the letter-motion is therefore construed as a motion for relief under Section 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence[.]"). If Movant does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Movant will have one opportunity within the limitations period for a full adjudication of his claims. If Movant does not inform the Court of his intent within 60 days, the application will remain designated as a motion under Section 2255.

### B.  Grounds for relief

Rule 2(b) of the Rules Governing § 2255 Proceedings requires a motion to specify all of the movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and the respondent to

comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.

It is unclear whether Movant has additional grounds for relief that he wishes to assert. Movant has only one opportunity to bring a Section 2255 motion asserting all of the grounds on which he seeks relief from judgment, and the Court therefore grants him an opportunity to file an amended Section 2255 motion. In the amended Section 2255 motion, Movant must include all of the grounds on which he seeks relief from judgment, and the facts supporting these grounds for relief.

**C.    Timeliness**

Movant's application may be time-barred. A federal prisoner seeking relief under Section 2255 generally must file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

The Court of Appeals for the Second Circuit affirmed Movant's conviction on May 19, 2023. *See United States v. Pivnick*, No. 21-1675, 2023 WL 3563030 (2d Cir. May 19, 2023). Movant does not indicate that he filed a petition for a writ of *certiorari* challenging the Second Circuit's May 19, 2023 decision affirming the judgment. It therefore appears that judgment became final 90 days after entry of the Second Circuit's order, that is, on or about August 18, 2023. *Clay v. United States*, 537 U.S. 522, 527 (2003) (judgment is final when court of appeals "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or

when the time for filing a *certiorari* petition expires"). Under Section 2255(f)(1), Movant had one year thereafter, until on or about August 18, 2024, to bring a Section 2255 motion to vacate the judgment.

Movant's application was signed on March 4, 2025, and the Court assumes that he gave it to prison officials for mailing on the same date; the motion therefore can be deemed filed on March 4, 2025. *See* Rule 3(d) of the Rules Governing § 2255 Proceedings; *Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005) (applying the "prison mailbox rule" in the Section 2255 context, citing *Houston v. Lack*, 487 U.S. 266 (1988)). It therefore appears that the Section 2255 motion was filed after expiration of the limitations period in Section 2255(f)(1), and Movant has not alleged facts showing that the limitations periods in Section 2255(f)(2)-(4) apply.

In his amended Section 2255 motion, Movant should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Movant's application is construed as a Motion under 28 U.S.C. § 2255. Within 60 days of the date of this order, Movant must either notify the Court in writing if he wishes to withdraw the motion, or, if Movant chooses not to withdraw his motion, file an amended Section 2255 motion including all of the grounds on which he seeks relief and any facts establishing that it is not time-barred or that equitable tolling applies.

The amended Section 2255 motion must be submitted to this Court's Pro Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Section 2255 Motion" and

bear the docket numbers 25-CV-2810 and 19-CR-0464. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order. If Movant fails to comply with this order, and cannot show good cause to excuse such failure, the motion will remain designated as a Section 2255 motion. No answer will be required at this time.

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  New York, New York
April 10, 2025

P. KEVIN CASTEL
United States District Judge