UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN PIVNICK,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

25-CV-2810 (PKC)

19-CR-0464 (PKC)

ORDER

P. KEVIN CASTEL, United States District Judge:

      Movant, who is incarcerated at FCI Fort Dix in New Jersey and proceeds *pro se*, challenges his judgment of conviction in *United States v. Pivnick*, No. 19-CR-0464 (PKC) (S.D.N.Y. June 16, 2021), *aff'd*, No. 21-1675, 2023 WL 3563030 (2d Cir. May 19, 2023).[1] By order dated April 10, 2025, the Court notified Movant that it intended to construe his application as a Motion under 28 U.S.C. § 2255, and granted him an opportunity to withdraw the application or file an amended Section 2255 motion including all of his grounds for relief.

      In response, on May 15, 2025, Movant wrote to the Court indicating that: (1) he did not intend to proceed under Section 2255; (2) he wished to bring a petition for a writ of error *coram nobis*; and (3) he requested an extension of time to respond. (ECF 5.) By letter dated June 4, 2025, repeated these requests.

      A petition for a writ of *coram nobis* is an extraordinary "remedy of last resort." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, . . . who is no longer

---

[1] On appeal, the Second Circuit held, among other things, that held that Pivnick's challenges to his counsel's effectiveness were "factually undeveloped and . . . more appropriately raised in a 28 U.S.C. § 2255 motion."

Mailed to Mr. Pivnick 7/11/2025

'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 (2013). To receive *coram nobis* relief, a petitioner must show "that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019).[2]

According to public information of the Bureau of Prisons, Movant remains incarcerated at FCI Fort Dix, though he does not use this as his address of record for this action. It is therefore not clear that a petition for a writ of error *coram nobis* is an appropriate vehicle for Movant to seek relief. The Court nevertheless grants Movant's request for an extension of time to file an amended pleading that includes all of the grounds on which he challenges his conviction.[3] Movant must file his amended pleading within 60 days of the date of this order. Once received, the Court will review the amended pleading and determine whether an order directing respondent to answer is warranted.

If Movant does not respond to this Order within the time allowed, Movant's application (ECF 1), will not be designated a Section 2255 motion, and it will be dismissed without prejudice.[4]

---

[2] *See also Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003) ("[C]ollateral relief from non-custodial punishments may be available to prisoners through the use of extraordinary writs such as *coram nobis*").

[3] To obtain relief under Section 2255, a movant must be in custody and must show that there was "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). It is not the Court's present intent to treat any of Movant's filings as a Section 2255 motion over his express objection made in response to the Court's prior Order.

[4] The Court notes that any subsequent Motion to Vacate under Section 2255 may be untimely. *See* 28 U.S.C. § 2255(f)(1) (detailing when one-year deadline for filing a Section 2255 motion begins to run).

## CONCLUSION

Movant's request for an extension of time is granted, and the Court directs Movant to file, within 60 days of the date of this order, an amended pleading including all of his grounds for challenging the conviction. Once received, the Court will review the amended pleading and determine whether an order directing respondent to answer is warranted.

If Movant does not respond to this order within the time allowed, Movant's application (ECF 1), will not be designated a Section 2255 motion, and it will be dismissed without prejudice.

No answer will be required at this time. Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:   New York, New York
         July 11, 2025